# UNITED STATES DISTRICT COURT
# FOR THE
# SOUTHERN DISTRICT OF INDIANA

Larry G. Philpot

  Plaintiff

VS.

Rural Media Group, Inc.

  Defendants

Case # 1:14-cv-1985 WTL-MJD

**JURY TRIAL DEMANDED**

## COMPLAINT

Larry G. Philpot ("Philpot"), Pro Se, complains against Rural Media Group, LP., a broadcast conglomerate that operates radio and television stations, and also operates a websites, specifically www.myruraltv.com and a Facebook Business Page, as follows

## JURISDICTION AND VENUE

1. This civil action arises against Defendants for copyright infringement in breach of the United States Copyright Act, under 17 U.S.C. § 101 et seq. This Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question), 17 U.S.C. § 501(a), 17 U.S.C. § 1202, and 28 U.S.C. § 1338 (acts of Congress related to copyright).

2. This Court has personal jurisdiction over the all the Defendants by virtue of their transacting, doing, and soliciting business in this District, and because a substantial part of the relevant events occurred in this District and because a substantial part of the property that is the subject of this action is situated here.

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because the named plaintiff resides in this district and because a substantial part of the events, or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; and/or conduct business in this district.

4. Venue is proper because of Defendant's contractual contacts in Indiana.

## PARTIES

5. The Plaintiff, Larry G. Philpot is a professional photographer who works exclusively with concert events across the U.S., and resides in Indianapolis, Indiana.

6. Defendants, Rural Media Group, Inc, "RURAL" headquartered in Nashville, TN, owns many broadcasting stations, and online website for the company "myruraltv.com", and a Facebook Business Page, its use and the publication displays articles as well as advertising, and contractually conduct business in this district.

## FACTS COMMON TO ALL COUNTS

7. Plaintiff Larry G. Philpot "Philpot", is a prominent photographer of musicians and concerts in the U.S, and is based in Indianapolis, Indiana. Philpot licenses his photographs to end customers, often popular publications such as Forbes, AOL, AXS-TV, Berkshire Hathaway, and top tier musicians such as KISS, John Mellencamp, and Willie Nelson.

8. On October 4, 2009, the Plaintiff, Larry Philpot, a United States citizen, took a photograph of entertainer Willie Nelson in performance in St. Louis, MO. The photograph is an original work that is copyrighted under United States law with the United States Copyright Office on September 5, 2012 with the Certificate Number VAu 1-132-411. Exhibit "A".

9. The Nelson Photo was first published on the World Wide Web May 31, 2011 to the Wikipedia website. The original full size photo is referenced at: http://en.wikipedia.org/wiki/Willie_Nelson#mediaviewer/File:Willie_Nelson_at_Farm_Aid_2009_-_Cropped.jpg, and is attached as Exhibit "B".

10. In an effort to increase his marketability and reputation, and to gain more work, Philpot agreed to make the Nelson Photo generally available through Wikimedia for distribution, public display, and public digital performance under the Creative Commons Attribution 2.0 Generic license (often abbreviated as CC BY 2.0)

11. The restrictions of Section 4 of CC BY 2.0 require the licensee to (a) reference CC BY 2.0, with every copy of the photograph used (the "share alike" provision) and (b) provide attribution in the manner specified by the author, which is required to be: "Photo by Larry Philpot, www.soundstagephotography.com. A copy of the license and attribution requirement is attached as Exhibit "C".

12. Defendants own and operate the website www.myruraltv.com which are so far appears to be the only website that displayed the infringing image.

13. Despite having no permission, consent, or license to do so, "RURAL" has, for commercial gain and purpose reproduced, distributed, and publicly displayed—as well as made available specifically for advertising, third party's distribution, display and public and sharing— the photo of country singer Willie Nelson (the "Nelson Photograph), with the DMCA Copyright management information and metadata stripped from all versions of the photos.

14. Plaintiff, Philpot has either published or licensed for publication all copies of the Nelson Photo, in compliance with the copyright laws and has remained the sole owner of the copyright.

15. A true and correct copy of the copyright registration certificate for the Nelson Photo is attached as Exhibit "A".

16. True and correct copies of the evidence of infringements for the Nelson Photo is attached as Exhibit "D".

## FIRST CLAIM FOR RELIEF

(Copyright Infringement, 17 U.S.C. § 501)

17. Plaintiff, Philpot incorporates here by reference the allegations in paragraphs 1 through 16, above.

18. Philpot is the owner of all rights, title, and interest in the copyrights to the Photos, which consist of material wholly original with Plaintiff and which are copyright subject matter under the laws of the United States. Philpot has complied in all respects with the Copyright Act and all of the laws of the United States governing copyrights. The Nelson Photograph has been timely (specifically for purposes of Plaintiff's recovery of attorneys' fees and statutory damages) registered with the United States Copyright Office.

19. Defendant have directly, vicariously and/or contributorily infringed Philpot's copyright by reproducing, displaying, distributing and utilizing the Nelson Photo for purposes of trade violation of 17 U.S.C. § 501 et seq.,

20. Defendants have willfully infringed Philpot's copyrights by altering the photograph, by reproducing, displaying, distributing and utilizing the Photo for purposes of trade, and still further by removing the Identifying Metadata, and Copyright Management Information, and by failing to provide the required attribution to the author and copyright owner, Philpot, in any manner.

## SECOND CLAIM FOR RELIEF

(Removal of Copyright Management Information, 17 U.S.C. § 502)

21.     Plaintiff Philpot incorporates here by reference the allegations in paragraphs 1 through 20 above.

22.     Defendants have directly, vicariously and/or contributorily infringed, and unless enjoined, will continue to infringe Philpot's copyrights by reproducing, displaying, distributing and utilizing the Photos for purposes of trade violation of 17 U.S.C. § 501 et seq.,

23.     Removal of the Copyright Management Information not only bolsters the claim for willful infringement, and each instance of removal of this information under Paragraph 1202 (b)(1) entitles Plaintiff Philpot to up to $25,000 per use.

## THIRD CLAIM FOR RELIEF

(Contributory Copyright Infringement)

24.     Plaintiff Philpot incorporates here by reference the allegations in paragraphs 1 through 23 above.

25.     One who knowingly induces, causes or materially contributes to copyright infringement, by another but who has not committed or participated in the infringing acts him or herself, may be held liable as a contributory infringer if he or she had knowledge, or reason to know, of the infringement.

26.     Defendant produced an article or advertisement on its website titled "Willie Nelson concert to benefit West, TX", which included Plaintiff Philpot's Nelson Photograph, and the

photograph had been cropped so as to not show the DMCA management information. No Attribution was provided to Plaintiff. A second use of the image encourages readers to save or share the photograph. EXHIBIT D

27. Defendant was notified with a Cease and Desist letter regarding the Nelson Photo, and ordered to remove same on or about August 11, 2014, via Certified Mail.

28. Defendant's attorney responded that the company has ceased to maintain that website and all images no longer exist. A subsequent communication from Plaintiff was ignored. (Exhibit D)

## COMPLAINT

29. Defendants have received substantial benefits in connection with the unauthorized reproduction, display, distribution and utilization of Plaintiff Philpot's copyrighted Photos for purposes of trade, including by increasing the traffic to their website and through the social media functions, and urging readers "Like" and to "Share" the photograph and other events on social media.

30. All of the Defendants' acts are and were performed without the permission, license or consent of Philpot. Defendant failed to remove all instances after receiving notice to do so.

31. Defendant's removal of the copyright management information, and Contributory Infringement by urging the distribution of the Nelson Photo is indicative of attempting to conceal the existence of the photos, and along with failing to attribute Philpot is prima facia evidence of willful infringement.

32. As a result of the acts of Defendants alleged herein, Philpot has suffered substantial damage to his business in the form of diversion of trade, loss of profits, injury to goodwill and reputation, and the dilution of the value of its rights, all of which are not yet fully ascertainable.

33. Because of the willful nature of the copyright infringement, Philpot is entitled to an award of statutory damages of up to $150,000 per willfully infringed photograph on each individual website as well as its attorney's fees in prosecuting this action. If other infringements are discovered in this case, this pleading will be augmented accordingly or notice of additional infringements will be otherwise filed and served in the case.

34. Because of the removal of DMCA copyright management information on all the uses of the photo, Philpot is entitled to the maximum amount of $25,000 per infringement on the website.

35. The said wrongful acts of Defendants have caused, and are causing, injury to Philpot.

36. The full scope of infringement of other works of Philpot is currently unknown, and discovery will require access to and analysis of the entire database and library of all content of Defendant's website(s) so it may be searched with image-based search tools for other Philpot works. Accordingly, Defendants are hereby placed on notice not to destroy or delete any content or material on any of its servers for any domain names and to otherwise preserve all evidence.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests judgment against Defendants as follows:

37. The Defendants, their officers, agents, servants, employees, representatives, and attorneys, and all person in active concert or participation with them, be permanently enjoined from designing, copying, reproducing, displaying, promoting, advertising, distributing, linking-to, or selling, or any other form of dealing or transaction in, any and all advertising and promotional materials, print media, signs, Internet web sites, or any other media, either now

known or hereafter devised, bearing any design or mark which infringe, contributorily infringe, or vicariously infringe upon Plaintiff Philpot's rights in the Photo.

38. Defendants be held liable to Plaintiff in statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. §§ 504(a) (2) & (c) and for costs, interest and reasonable attorney's fees under 17 U.S.C. § 505. This includes statutory damages of $150,000 for the infringement of the Nelson Photo on the website. It also includes a further statutory damages award for the unlawful removal of DMCA copyright management information from Paragraph 1202(b)(1) of $25,000 per infringement, which statutory damages award amounts to $25,000.

39. Plaintiff is therefore entitled to total statutory damages from "RURAL" for the Nelson Photo in the amount of $175,000., plus attorney fees to pursue this action.

40. An accounting be made for all profits, income, receipts or other benefit derived by Defendants from the reproduction, copying, display, promotion, distribution or sale of products and services, or other media, either now known or hereafter devised, that improperly or unlawfully infringes upon Plaintiff's copyrights pursuant to 17 U.S.C. §§ 504 (a)(1) & (b).

41. Requiring Defendants to account for and pay over to Plaintiff all profits derived by Defendants from their acts of copyright infringement and to reimburse Plaintiff for all damages suffered by Plaintiff by reasons of Defendant's acts, pursuant to 17 U.S.C. §§ 504 (a)(1) & (b).

42. Actual damages for copyright infringement pursuant to 17 U.S.C. §§ 504 (a)(1) & (b).

43. That Plaintiff be awarded any such other and further relief as the Court may deem just and appropriate.

Dated this 2ND day of December, 2014.

                                      Respectfully submitted,

                                      /s/ Larry G. Philpot

                                    Larry G. Philpot
                                    8125 Halyard Way, 1st Floor
                                    Indianapolis, IN 46236
                                    317-567-1338
                                    Email: Larry@behindthemusic.net

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 2, 2014, a copy of the foregoing Complaint was filed, and a copy of same was mailed via Certified Mail, postage prepaid and properly addressed to the following:

Drew Theophilus, GC
Rural Media Group, Inc.
3201 Dickerson Pike
Nashville, TN 37207

 

_____
Larry G. Philpot, Pro Se
8125 Halyard Way, 1st Floor
Indianapolis, IN 46236
Larry@behindthemusic.net
317-567-1338