UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LARRY G. PHILPOT,     ) | |
| ) | |
| Plaintiff,     ) | |
| ) | |
| vs.     ) | Cause No.  1:14-cv-1985-WTL-MJD |
| ) | |
| RURAL MEDIA GROUP, INC.,     ) | |
| ) | |
| Defendant.     ) | |

### ENTRY ON DEFENDANT'S MOTION TO DISMISS

This cause is before the Court on the Defendant's Motion to Dismiss for Lack of Jurisdiction (Dkt. No. 17). The motion is fully briefed, and the Court, being duly advised, **GRANTS** the motion for the reasons set forth below. The Court also **DENIES** the Plaintiff's related Motion for Leave to File a Surreply, or in the Alternative, Motion for Evidentiary Hearing (Dkt. No. 25) and **DENIES** the Plaintiff's related Motion to Strike or to Delay Consideration of Notice of Supplemental Authority (Dkt. No. 29).

### I.  STANDARD

The Defendant moves to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.  When a defendant challenges the Court's personal jurisdiction over it, the plaintiff bears the burden of demonstrating the existence of jurisdiction. *Jennings v. AC Hydraulic A/S*, 383 F.3d 546, 548 (7th Cir. 2004).  Where, as here, a motion to dismiss is resolved without an evidentiary hearing, the plaintiff's burden is satisfied if it makes a prima facie case of personal jurisdiction. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003).  "In evaluating whether the prima facie standard has been

satisfied, the plaintiff is entitled to the resolution in its favor of all disputes concerning relevant facts presented in the record." *Id.* (citations omitted).

Where, as here, there is no applicable federal statute providing for nationwide service of process, a federal district court may exercise personal jurisdiction over a defendant if a court of the state in which it sits would have such jurisdiction. Fed. R. Civ. P. 4(k)(1)(A).  This Court sits in Indiana, and Indiana Trial Rule 4.4(A) provides for jurisdiction "on any basis not inconsistent with the Constitution of this state or the United States"; in other words, Indiana permits the exercise of personal jurisdiction to the full extent permitted by the Federal Due Process Clause. *LinkAmerica Corp. v. Albert*, 857 N.E.2d 961, 967 (Ind. 2006).

There are two forms of personal jurisdiction that a court may exercise over a non-resident defendant: "general" and "specific" jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984).  Specific jurisdiction is applicable when the basis of the suit "arises out of or is related to" the defendant's contacts with the forum state. *Jennings*, 383 F.3d at 549.

> To establish specific jurisdiction under the familiar minimum contacts analysis, a plaintiff must show that the defendant has purposefully availed itself of the privilege of conducting activities within the forum state and that the exercise of personal jurisdiction over that defendant would comport with traditional notions of fair play and substantial justice.

*Id.* (citations and internal quotation marks omitted).  General jurisdiction exists only "when the [party's] affiliations with the State in which suit is brought are so constant and pervasive as to render it essentially at home in the forum State." *Daimler AG v. Bauman*, 134 S. Ct. 746, 751 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011)) (internal quotation marks and alteration omitted).

## II.  BACKGROUND

The relevant facts of record, viewed in the light most favorable to the Plaintiff, are as follow. The Plaintiff is a professional photographer who resides in Indianapolis, Indiana. In 2009, he photographed musician Willie Nelson during a performance in St. Louis, Missouri. He subsequently registered the photograph with the United States Copyright Office and licensed the photograph to be used by others under the terms of the Creative Commons Attribution 2.0 Generic License (the "CC 2.0"). That license requires, among other provisions, that licensees reference the CC 2.0 with every copy of the photograph and attribute the photo in the manner specified by the author.[1] Sometime later, the Plaintiff became aware that the Defendant allegedly had published the Willie Nelson photograph on its website, www.myruralty.com. The Defendant was sent a Cease and Desist letter and ordered to remove the photograph on August, 11, 2014, via Certified Mail. The Defendant's attorney responded that the company had ceased to maintain that website and all images no longer existed.

The Plaintiff then commenced this lawsuit. He alleges that the Defendant directly infringed his copyright in the Nelson photograph by publishing the photo on its website. He also contends that the Defendant is liable for vicarious or contributory copyright infringement for its role in allowing others to copy the Nelson photograph.

The Defendant in this case moved to dismiss under Rule 12(b)(2) and submitted a declaration from Steve Campione, the Chief Financial Officer of Rural Media Group, Inc., in support of its contentions. The Defendant is a Delaware corporation with its principal place of business located in Gretna, Nebraska. Its only other office is located in Nashville, Tennessee.

---

[1] The Plaintiff in this case specified that the attribution should read: "Photo by Larry Philpot, www.soundstagephotography.com." *Id.* & 11.

The Defendant states that it "does not own, lease, occupy, or use any real or personal property in Indiana[,] . . . maintain an office in Indiana, maintain a registered agent in Indiana, maintain a bank account in Indiana, or pay taxes in Indiana." Dkt. No. 18 at 1. The Defendant added that it "does not employ any workers in Indiana[,] . . . does not specifically target customers in Indiana or specifically direct any advertising to Indiana." *Id.* at 1-2. It also stated that its "website and Facebook page do not specifically target the Indiana market, but rather target a mass national audience." *Id.* at 2. The Defendant's affidavit supported these contentions. Dkt. 18-1.

### III.   DISCUSSION

Based on the Defendant's motion and supporting evidence, the burden thus shifted to the Plaintiff to make out a prima facie showing of jurisdiction. *See Purdue*, 338 F.3d at 782–83. He argues that this Court may exercise both specific and general jurisdiction over the Defendant in this case.

#### 1. Specific Jurisdiction

The Plaintiff acknowledges that "[s]pecific jurisdiction may be lacking here because the action does not relate to any of RMG's contacts with Indiana, other than the harm done to the Plaintiff in their contact by the unauthorized use of Plaintiff's photograph." Dkt. No. 22 at 8.

The Plaintiff, however, then claims that "[t]he only theoretical basis for specific jurisdiction under Trial Rule 4.4(A)'s enumerated acts is subdivision (3):

> (3) causing personal injury or property damage in this state by an occurrence, act or omission done outside this state if [the defendant] regularly does or solicits business or engages in any other persistent course of conduct, or derives substantial revenue or benefit from goods, materials, or services used, consumed, or rendered in this state."

*Id.* at 8-9. The Plaintiff then alleges that the sworn statements of Steve Campione, the Chief Financial Officer of Rural Media Group, Inc., that RMG does not specifically target Indiana

4

customers and that RMG does not derive any revenue from Indiana "are wrong." *Id.* at 9. The Plaintiff claims that the Defendant "does in fact regularly do business with the FFA, the Indiana State Fairgrounds, and has over one million subscribers in Indiana, has an online store, and 180,000 magazine subscribers." *Id.*

The existence of specific jurisdiction turns on "whether there are sufficient minimum contacts between [Defendant], this litigation and Indiana to . . . say that it is fundamentally fair to require [Defendant] to participate in this litigation and to be bound by the judgment of a court sitting in Indiana." *Purdue*, 338 F.3d at 780 (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980) & *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316–17 (1945)). This inquiry depends largely on "foreseeability," in that the defendant's contacts with the forum state must be so significant that the defendant "could have anticipated being haled into the courts of the state with respect to the matter at issue." *Purdue*, 338 F.3d at 780 (citing *Burger King Corp. v. Rudzerwicz*, 471 U.S. 462, 474 (1985)). The contacts must result from the defendant's activities—not the "unilateral activity of the plaintiff or some other entity"—and the contacts must show that the defendant "purposefully availed itself of the privilege of conducting activities within the forum state." *Purdue*, 338 F.3d at 780.  In addition, the contacts at issue must be related to the conduct giving rise to the plaintiff's alleged injury.  *Felland v. Clifton*, 682 F.3d 665, 676 (7th Cir. 2012).

Constitutionally sufficient contacts can be imputed to a defendant if the defendant is accused of committing an intentional tort by actions that are "expressly aimed" at the forum state. *See Calder v. Jones*, 465 U.S. 783, 789-90 (1984). In *Calder*, Florida citizens who lacked sufficient contacts with California were nonetheless subject to personal jurisdiction in California because they published an allegedly libelous story about a California resident where the sources

5

were all in California and "the brunt of the harm" was suffered by the plaintiff in California. *Id.* The Supreme Court emphasized that the defendants' actions were not the product of "mere untargeted negligence," *id.* at 789, but rather were "calculated to cause injury to respondent in California," *id.* at 791. Here, the Plaintiff has pointed to no evidence that the Defendant committed its alleged copyright infringement in an intentional manner. Nor has the Plaintiff pointed to any evidence that the Defendant aimed any actions specifically at Indiana or intentionally caused harm to the Plaintiff in Indiana. Thus, specific jurisdiction does not exist.

### 2. General Jurisdiction

The Constitutional requirement for general jurisdiction is considerably more stringent than that required for specific jurisdiction. *Purdue Research Found.*, 338 F.3d at 787 (quotation and citation omitted). General jurisdiction exists only "when the [party's] affiliations with the State in which suit is brought are so constant and pervasive as to render it essentially at home in the forum State." *Daimler AG v. Bauman*, 134 S. Ct. 746, 751 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011)) (internal quotation marks and alteration omitted). The current criteria for finding general jurisdiction require more than the "substantial, continuous, and systematic course of business" that was once thought to suffice. *Kipp v. Ski Enter. Corp. of Wis.*, 783 F.3d 695, 698 (7th Cir. 2015) (quoting *Daimler*, 134 S. Ct. at 760-61). "Thus far, the [Supreme] Court has identified only two places where that condition will be met: the state of the corporation's principal place of business and the state of its incorporation." *Kipp*, 783 F.3d at 698 (quoting *Daimler*, 134 S. Ct. at 760). The Court explained that there may be "an exceptional case" that warrants an exception. *Daimler*, 134 S. Ct. at 761 n.19.

In an effort to establish jurisdiction, in support of his Opposition to Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, (Dkt. No. 22), the Plaintiff attaches Exhibits A-M. All the exhibits relate to entities that the Defendant identify as legal entities other than the Defendant. Specifically, Exhibits A, B, C, E, and H relate to RFD-TV, LLC. Exhibits B and C relate to Rural Radio, LLC. Exhibits D and I relate to RFD-TV The Magazine, LLC. Exhibits F, G, and L relate to Farm Journal Media, the National FFA, and Mecum Auctions, which according to the Defendant are not affiliated with RMG in any way. Exhibits J and K show third-party events that the Defendants state were listed on the website for RFD-TV for informational purposes, not because RFD-TV was covering them or because RMG was somehow involved with them. Exhibit M consists of nine pages of listing of available channels on RFD-TV and FamilyNet, an apparent news article about RFD-TV, a Wikipedia page about LeSEA Broadcasting, and a channel listing for LPTV stations.

Further, the Plaintiff seeks discovery to identify which entity is the correct Defendant, pointing to a letter that he received but never filed[2] that he alleges misled him. For the purposes of this motion, the Court will consider the actions taken by RFD-TV, LLC; Rural Radio, LLC; and RFD-TV The Magazine[3] as attributable to Defendant Rural Media Group, Inc.[4] Discovery is thus unnecessary. For the reasons explained below, even if every contact by the subsidiaries

---

[2] This letter is not part of the record.

[3] The Supplemental Declaration of Steve Campione (Dkt. No. 24-1) identifies RMG as the parent company of RFD-TV, LLC; Rural Television Network, LLC; Rural Radio, LLC; RFD-TV The Magazine, LLC; and RFD-TV The Theater, LLC. The Supplemental Declaration indicates that RMG is not a parent or affiliate company to Farm Journal Media, Future Farmers of America, or the Mecum Auto Auction.

[4] Because the Court is making this assumption, the Court need not address issues raised in the Plaintiff's Motion for Leave to File a Surreply, or in the Alternative, Motion for Evidentiary Hearing (Dkt. No. 25); and the Plaintiff's Motion to Strike or to Delay Consideration of Notice of Supplemental Authority (Dkt. No. 29). Therefore, they are denied.

were attributable to the Defendant, those contacts are not "so constant and pervasive as to render" the Defendant "essentially at home in the forum State." *Daimler*, 134 S. Ct. at 751. This case is not the type of "exceptional case" that the Court identified in *Daimler*. As the Supreme Court explained in *Daimler*,

> Here, neither Daimler nor MBUSA is incorporated in California, nor does either entity have its principal place of business there. If Daimler's California activities sufficed to allow adjudication of this Argentina-rooted case in California, the same global reach would presumably be available in every other State in which MBUSA's sales are sizable. Such exorbitant exercises of all-purpose jurisdiction would scarcely permit out-of-state defendants "to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." *Burger King Corp.*, 471 U.S., at 472, 105 S.Ct. 2174 (internal quotation marks omitted).

*Id.* at 761-62.

Likewise, nothing in the record suggests that the Defendant's contacts with Indiana are more extensive than its contacts in other states. The Defendant does not maintain property or an office in Indiana. The Defendant's website and Facebook page target a national audience, not specifically an Indiana market. The activities to which the Plaintiff cites, including the broadcasting of television stations, do not establish that the Defendant has contacts in Indiana more extensive than it has in other states. "[T]he placement of a product into the stream of commerce . . . 'do[es] not warrant a determination that, based on those ties, the forum has *general* jurisdiction over a defendant.'" *Daimler*, 134 S. Ct. at 757 (quoting *Goodyear*, 131 S. Ct. at 2857).

The Defendant's contacts do not present the "exceptional case" to allow general jurisdiction in a forum other than the corporation's principal place of business or the state of its incorporation. While *Goodyear* and *Daimler* may have left some room for the exercise of general

jurisdiction in the absence of incorporation or principal place of business in the forum state, this is not one of those rare situations.

## IV.    CONCLUSION

For the reasons set forth above, the Defendant's Motion to Dismiss (Dkt. no. 17) is **GRANTED**, and this case is dismissed without prejudice. The Court **DENIES** the Plaintiff's Motion for Leave to File a Surreply, or in the Alternative, Motion for Evidentiary Hearing (Dkt. No. 25); and **DENIES** the Plaintiff's Motion to Strike or to Delay Consideration of Notice of Supplemental Authority (Dkt. No. 29).

SO ORDERED: 10/7/15

_____
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Copy by United States Mail to:**

**Larry G. Philpot**
**8125 Halyard Way, 1st Floor**
**Indianapolis, IN 46236**

Copies to counsel of record via electronic communication